**John F. CANT, Plaintiff,**

v.

**A. G. BECKER & CO., INC., Defendant.**

**No. 71 C 1324.**

United States District Court, N. D. Illinois.

Oct. 21, 1974.

---

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

On March 28, 1974 this Court adjudged the defendant A. G. Becker & Co., Inc. liable to plaintiff on Counts I, II, VI, X, XI, XIII, and XIV of the instant complaint. Since that time the parties, in support of their respective positions, have submitted briefs concerning the amount of damages and interest they deem appropriate.

On June 26, 1974 this Court reviewed the commutations as to damages made by the parties. This Court in its Memorandum Opinion and Order stated that some form of prejudgment interest was appropriate in this case and requested the parties to submit to the Court their calculations as to how much interest would be proper.

Defendant, A. G. Becker & Co., Inc. has never waived its argument that plaintiff is not entitled to any prejudgment interest. However, in light of a recent decision by the Court of Appeals for the Seventh Circuit and other decisions by federal courts in securities cases, it is now clear that prejudgment interest may be awarded in situations wherein through the fault of another the plaintiff was deprived of beneficial use of his funds. See Madigan, Inc., et al. v. Goodman, 498 F.2d 233 (7th Cir. 1974); Janigan v. Taylor, 344 F.2d 781 (7th Cir. 1965); Reube v. Pharmacodynamics, Inc., 348 F.Supp. 900 (E.D. Penn.1972).

As Judge Cummings stated in *Madigan (supra)*:

". . . Smith v. Boles, supra, apparently the first case to announce the federal rule, allowed interest on the purchase price. Had plaintiffs not purchased the Fidelity stock, or purchased at a lower price, they would have put the unused money somewhere, even if only in a savings account. Unlike the non-existent profits envisioned as a result of defendants' misrepresentations, the chance

Sheldon I. Saitlin, Joseph H. Spiegel, Simpson & Shefsky, Chicago, Ill., for plaintiff.

Hubachek, Kelly, Rauch & Kirby, James T. Griffin and Richard T. Zwirner, Chicago, Ill., for defendant.

to use their money elsewhere was actually lost to plaintiffs . . ." 498 F.2d at 240.

Defendant alternatively argues that if prejudgment interest is allowed, "interest should be assessed only from the date on which the damages are liquidated; that is, the date of sale for those shares of Ranchers stock which were sold on April 30, 1970, and March 9, 1971, for the Red Rope stock and for the remainder of the Ranchers stock." According to defendant's computations, this would result in an assessment of prejudgment interest (through July 30, 1974) of $4,352.28.

On the other hand plaintiff contends that prejudgment interest must be assessed on the entire purchase price on each transaction from the date of purchase to the earlier of date of sale or the date of discovery of fraud and thereafter on the aggregate loss incurred to date of judgment. According to plaintiff's calculations this would amount to $5,685.25 in interest on the Ranchers transaction and $5,806.44 in interest on the Red Rope transaction. Plaintiff also seeks costs of $1,123.21. This amounts to $11,491.69 in interest in a case wherein the total damages to be awarded are $21,867.50.

Nevertheless the Court does not believe that the plaintiff's method of computation of damages and interest is inequitable. The defendant was found to be the "wrongdoer" in the series of stock transactions which were the subject of the litigation. A. G. Becker & Co., Inc. had the use of the plaintiff's funds for an extended period of time. A unique and special relationship existed between the parties and the defendant breached its affirmative duty as plaintiff's broker. A failure to assess interest on the purchase price would have the affect of allowing parties to speculate with the funds of innocent persons, without fully compensating such victims for the unlawful use of their assets.

The Securities Exchange Act of 1934 provides for a recissional remedy to a defrauded purchaser (see § 29(b), 15 U.S.C. § 78cc(b)). In lieu of rescission the Court still feels that plaintiff is entitled to an award of monetary damages sufficient to place him in the position he would have been had it not been for defendant's wrongful activity. Allowing damages, interest, and costs restores plaintiff to that position. Plaintiff can only be made whole if placed in a posture which assumes that he had the opportunity to utilize his funds in a reasonable manner. The law does not permit defendants to obtain the beneficial use of plaintiff's funds at no cost to the wrongdoer.

This Court, having rendered a verdict against the defendant, A. G. Becker & Co., Inc., and in favor of plaintiff, John F. Cant, on Counts I, II, III, IV, V, VI, X, XI, XIII and XIV of the complaint on March 28, 1974 hereby enters the following order:

Accordingly, it is hereby ordered that the plaintiff, John F. Cant, recover of the defendant, A. G. Becker & Co., Inc., damage in the amount of $21,492.50, interest in the amount of $11,491.96, and costs in the amount of $1,123.21, the sum of which is $34,107.67.